IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

RALF WILLIAM TOAHTY III,　　　　　　　　　　No. 3:19-cv-01308-HZ

　　　　Plaintiff,　　　　　　　　　　　　　　　OPINION & ORDER

　　v.

DUKE KIMSEY, CONFEDERATED TRIBES
OF GRAND RONDE, TRIBAL EMPLOYMENT
RIGHTS ORDINANCE (T.E.R.O.) Division,

　　　　Defendants.

Ralf William Toahty III
General Delivery
McMinnville, OR 97128

　　　　Pro se Plaintiff

//

//

OPINION & ORDER - 1

HERNÁNDEZ, District Judge:

Pro se plaintiff Ralf William Toahty III brings this action against Duke Kimsey, the Confederated Tribes of Grand Ronde, and the Tribal Employment Rights Ordinance Division (T.E.R.O.). Plaintiff moves to proceed *in forma pauperis*. Because he has no appreciable income or assets, the motion is GRANTED. However, for the reasons explained below, the complaint is DISMISSED.

## STANDARDS

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

(A) the allegation of poverty is untrue; or

(B) the action or appeal–
    (i) is frivolous or malicious;
    (ii) fails to state a claim on which relief may be granted; or
    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (sua sponte dismissals under section 1915 "spare prospective defendants the inconvenience and expense of answering" complaints which are "frivolous, malicious, or repetitive"); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by inmates). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325; *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

## DISCUSSION

### I. Allegations

Plaintiff's complaint is titled "Lawsuit Claim for Sexual Misconduct." Compl. at 1. Plaintiff alleges he was subjected to sexual misconduct and sexual harassment by Duke Kimsey,

the T.E.R.O. Assistant Director with the Confederated Tribes of Grand Ronde. *Id.* When he reported the harassment and misconduct to T.E.R.O. and the Human Resources department, he was subjected to retaliation, which included criticism, humiliation, and verbal assault. *Id.* at 2.

## II. Federal Rule of Civil Procedure 8

"The Federal Rules of Civil Procedure describe 'a liberal system of notice pleading.'" *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1036 (9th Cir. 2006) (quoting *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)). This notice pleading system "requires a complaint to contain only (1) a statement of jurisdiction, (2) 'a short and plain statement of the claim showing that the pleader is entitled to relief,' and (3) 'a demand for judgment for the relief the pleader seeks.'" *Id.* (quoting Fed. R. Civ. P. 8(a)).

"[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (citation, internal quotation marks, and brackets omitted).

The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal quotation marks omitted). The complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct[.]" *Id.* at 679.

Rule 8 also requires a pleading to contain "a short and plain statement of the grounds for the court's jurisdiction[.]" Fed. R. Civ. P. 8(a)(1). "Federal courts are courts of limited

jurisdiction." *Corral v. Select Portfolio Serving, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (internal quotation marks omitted). Federal jurisdiction may be based on the presence of a federal question or on diversity of citizenship. 28 U.S.C. §§ 1331, 1332.

**A. Federal Question**

Federal courts have original jurisdiction over claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "This provision for federal-question jurisdiction is invoked by and large by plaintiffs pleading a cause of action created by federal law." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 312 (2005). Federal question jurisdiction is unavailable if the federal claim upon which it is based is patently without merit. *Yokeno v. Mafnas*, 973 F.2d 803, 808 (9th Cir. 1992).

Here, Plaintiff fails to cite any federal law or constitutional provision in his complaint. To the extent the complaint can be construed to assert a claim for employment discrimination, Title VII excludes Indian tribes. *See Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185 (9th Cir. 1998) (Congress "exempted 'Indian tribe[s]' from the scope of the definition of 'employer' as used in Title VII" (citing 42 U.S.C. § 2000e(b))). And "civil liability for employment discrimination does not extend to individual agents of the employer who committed the violations, even if that agent is a supervisory employee." *Id.* Thus, the claim fails.

To the extent that Plaintiff's complaint can be construed to assert a First Amendment retaliation claim under 42 U.S.C. § 1983, Plaintiff fails to allege that any Defendant was acting under color of state law.[1] *See Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) ("The district court also properly dismissed [plaintiff's] claim under 42 U.S.C. § 1983 because

---

[1] To bring a § 1983 claim, Plaintiff must "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

there is no allegation that any defendant was acting under the color of state law."); *R.J. Williams Co. v. Fort Belknap Housing Authority*, 719 F.2d 979 (9th Cir. 1983) ("no action under 42 U.S.C. § 1983 can be maintained in federal court for persons alleging deprivation of constitutional rights under color of tribal law.").

Plaintiff has therefore failed to allege a claim under federal law, and the complaint fails to establish federal question jurisdiction.

**B. Diversity**

Federal courts also have original jurisdiction when "the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States[.]" 28 U.S.C. § 1332. A court has diversity jurisdiction only when a plaintiff "has citizenship which is diverse from that of every defendant." *See Cook v. AVI Casino Enterprises, Inc.*, 548 F.3d 718, 722 (9th Cir. 2008).

Plaintiff's complaint makes no affirmative allegations of citizenship for any party. Based on Plaintiff's address, the Court assumes he is a citizen of Oregon. There are no allegations, however, to suggest that Defendant Kimsey is not also a citizen of Oregon. Defendant Confederated Tribes of Grand Ronde, an Indian tribe, is "not a citizen of any state" and therefore cannot be sued in diversity. *See Am. Vantage Companies, Inc. v. Table Mountain Rancheria*, 292 F.3d 1091, 1095 (9th Cir. 2002). More importantly, the tribe's inclusion as a defendant destroys complete diversity jurisdiction for the entire action. *See id.* at 1098 n.6 (even if parties are otherwise diverse, "the presence of an Indian tribe destroys complete diversity."). Thus, the complaint fails to establish diversity jurisdiction.

**CONCLUSION**

Plaintiff's motion to proceed *in forma pauperis* [1], supplemented by [8], is granted. Because Plaintiff has failed to state a claim and provide the Court with a statement of the grounds for the Court's jurisdiction, Plaintiff's complaint [3] is dismissed without prejudice. Plaintiff may file an amended complaint, consistent with this Opinion & Order, within 30 days of the date below. The Clerk's Office is directed to withhold issuance of any summons until further order of the Court.

Dated this 11 day of Oct, 2019.

_____
MARCO A. HERNÁNDEZ
United States District Judge